UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 25-cv-11552-ADB |
| | * | |
| JOHN DOE, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

      On June 12, 2025, Plaintiff Strike 3 Holdings, LLC ("Plaintiff") sought leave to serve a third-party subpoena on Comcast Cable, an internet service provider, commanding Comcast Cable to provide the name and address of Defendant John Doe ("Defendant"), against whom Plaintiff asserts copyright-infringement claims. [ECF No. 7]. The Court granted the motion, [ECF No. 10], and Defendant now moves to quash the subpoena, [ECF No. 11]. For the reasons set forth below, the Court **DENIES** Defendant's motion.

      Federal Rule of Civil Procedure 45 permits litigants to serve subpoenas on third parties, but the "Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." Cates v. Zeltiq Asethetics, Inc., No. 20-mc-91234, 2020 WL 5517457, at *2 (D. Mass. Sept. 14, 2020) (quoting Green v. Cosby, 152 F. Supp. 3d 31, 34 (D. Mass. 2015), modified on reconsideration, 160 F. Supp. 3d 431 (D. Mass. 2016)). The scope of discovery under Rule 26 is broad, allowing parties to "obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Despite the broad scope of Rule 26, Rule 45(d)(3) sets forth circumstances under which district courts must or may on timely motion from a party or non-party quash or modify a subpoena. One of the grounds that requires district courts to quash a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). When analyzing "motions to quash . . . , 'courts weigh the need of the party seeking discovery against any undue hardships created by permitting it.'" Green, 152 F. Supp. 3d at 36 (quoting In re Methyl Tertiary, 269 F.R.D. 360, 363–64 (S.D.N.Y. 2010)). Factors germane to that analysis are "relevance, the requesting party's need, the breadth of the request, and the burden imposed." Id. (quoting Linsday v. C.R. Bard, Inc., No. 10-mc-00441, 2011 WL 240104, at *1 (M.D. Pa. Jan. 24, 2011)). "The party resisting discovery bears the burden of showing that the subpoena imposes an undue burden, and it 'cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance.'" In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig., No. 13-mdl-02419, 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013) (quoting Sterling Merchandising, Inc. v. Nestle, S.A., No. 06-cv-01015, 2008 WL 1767092, at *2 (D.P.R. Apr. 15, 2008)); see also Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 450 (D. Mass. 2011) (noting that "Rule 45 protects those persons subject to a subpoena from any resulting undue burden or expense" and holding that subpoenas compelling internet service providers to produce subscriber information for alleged infringers' IP addresses "impose[d] no burden" on alleged infringers).

Defendant makes three arguments as to why Plaintiff's subpoena should be quashed. [ECF No. 11 at 2–3]. He argues that (1) he "was not informed of any infringement until the subpoena was received" and thus is not liable "[u]nder the DMCA," [id. at 2]; (2) responsibility for any infringement "may lie with" Comcast Cable, rather than Defendant, if Comcast Cable failed to act "upon receiving a valid takedown notice," [id.]; and (3) because third-party wireless networks "can be accessed without authorization[,] . . . courts have recognized the difficulty of assigning liability solely based on an IP address," [id. at 3]. Defendant also cites a D.C. Circuit case for the proposition that internet service providers "may not be compelled to disclose subscriber identifies under 512(h) without proper procedure." [Id. at 2–3 (citing Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc., 351 F.3d 1229 (D.C. Cir. 2003))].

Defendant's motion does not refer to any basis for quashing Plaintiff's subpoena that is listed in Rule 45(d)(3). Instead, the arguments he makes in his motion are primarily directed to the merits of Plaintiff's underlying lawsuit, which are not a basis to quash the subpoena. "Courts have repeatedly rejected the argument that an averment of innocence is a sufficient basis to quash a subpoena to obtain identifying information." Strike 3 Holdings, LLC v. Doe, No. 22-cv-12146, 2023 WL 6066037, at *2 (D. Mass. Aug. 29, 2023) (collecting cases), report and recommendation adopted, No. 22-cv-12146, 2023 WL 6850518 (D. Mass. Sept. 15, 2023). Nor does Recording Industry Association of America provide a basis to quash the subpoena because that case involved a subpoena served pursuant to the Digital Millenium Copyright Act's subpoena provision, 17 U.S.C. § 512(h), rather than Rule 45, Recording Indus. Ass'n of Am., 351 F.3d at 1232, and "the statute does not prohibit copyright owners from requesting such a subpoena [for identification] through other mechanisms such as Rule 45," Strike 3 Holdings, LLC v. Doe, 337 F. Supp. 3d 246, 256 (W.D.N.Y. 2018); see also Strike 3 Holdings, LLC v.

3

Doe, No. 1:25-cv-00433, 2025 WL 1582344, at *2 (E.D. Va. June 4, 2025) ("The fact that the DMCA offers an alternative means to obtain and serve subpoenas on ISPs does not . . . 'foreclose[] the pre-discovery third-party subpoena [Plaintiff] requests.'" (citation omitted)).

Accordingly, Defendant's motion to quash is **DENIED**.

**SO ORDERED.**

August 12, 2025                                              /s/ Allison D. Burroughs
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE